UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIE VALCIN, as beneficiary of
LOUISSAINT LUCSONNE,

    Plaintiff,

vs.                            Case No. 2:10-cv-627-FtM-29DNF

PRIMERICA LIFE INSURANCE COMPANY,

    Defendant.
_____

**OPINION AND ORDER**

    This matter comes before the Court on plaintiff's Motion to Vacate Order and Set Aside the Dismissal (Doc. #26) filed on September 29, 2011, and an Amended Motion to Vacate Order and Set Aside the Dismissal (Doc. #27), filed on October 7, 2011. Defendant's Response in Opposition (Doc. #28) was filed on October 13, 2011.

    On August 2, 2011, plaintiff notified the Court, through counsel, "that the parties have reached a settlement. Once all settlement paperwork is finalized, Plaintiff has agreed to a dismissal of this case with prejudice." (Doc. #24.) In her current motion, plaintiff states that settlement had only been "tentatively agreed upon." (Doc. #27, ¶ 2.) Plaintiff now asserts that she "did not fully understand that she was actually settling her claim and did not understand the terms of the agreement", and

that she refused to sign the settlement documents because "they did not comport with her understanding of the matter."  (Id., ¶ 4.)

Federal courts possess the "inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case." Ford v. Citizens & Southern Nat'l Bank, 928 F.2d 1118, 1121 (11th Cir. 1991)(quoting Cia Anon Venezolana De Navegacion v. Harris, 374 F.2d 33, 36 (5th Cir. 1967)).  The enforcement of a settlement agreement essentially amounts to the enforcement of a contract, and is therefore governed by Florida law.  Schwartz v. Florida Bd. of Regents, 807 F.2d 901, 905 (11th Cir. 1987); Robbie v. Miami, 469 So. 2d 1384, 1385 (Fla. 1985). Generally, settlement agreements are highly favored and will be upheld by the courts whenever possible.  Spiegel v. H. Allen Holmes, Inc., 834 So. 2d 295, 297 (Fla. 4th DCA 2002).  This policy is not always served by enforcement of an alleged settlement in a summary proceeding where a material dispute as to the existence or terms of the settlement persists.  See, e.g., Massachusetts Casualty Ins. Co. v. Forman, 469 F.2d 259, 261 (5th Cir. 1972) (citing D.H. Overmyer Co. v. Loflin, 440 F.2d 1213, 1215 (5th Cir. 1971)).

Under Florida law, "a party seeking judgment on compromise and settlement has the burden of establishing assent by the opposing party. Unauthorized assent manifested by a party's attorney is insufficient."  Forman, 469 F.2d at 261 (quoting Goff v. Indian

Lake Estates, Inc., 178 So. 2d 910, 912 (Fla. 2d DCA 1965)); see also Spiegel, 834 So. 2d at 297.

> To compel enforcement of a settlement agreement, its terms must be sufficiently specific and mutually agreed upon as to every essential element. [ ] Uncertainty as to nonessential terms or small items will not preclude the enforcement of a settlement agreement.  A client's express authority given to his attorney to settle a cause of action must be clear and unequivocal.  [ ] However, the making of a contract depends not on the agreement of two minds in one intention, but on the agreement of two sets of external signs-not on the parties having meant the same thing but on their having said the same thing.

Spiegel, 834 So. 2d at 297 (internal citations and quotations omitted).  "Courts use an objective test to determine whether the parties have made an enforceable [settlement] contract." Hanson v. Maxfield, 23 So. 3d 736, 739 (Fla. 1st DCA 2009)(citation omitted).

The allegations in plaintiff's motion are sufficient to require an evidentiary hearing on the matter, at which both plaintiff and her attorney must testify.  Because this situation is caused completely by plaintiff, regardless of the outcome of the hearing the Court will assess costs and attorney fees for the matter against plaintiff.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion to Vacate Order and Set Aside the Dismissal (Doc. #26) is **DENIED** as moot.

    2. Plaintiff's Motion to Vacate Order and Set Aside the Dismissal (Doc. #26) is **TAKEN UNDER ADVISEMENT** pending an evidentiary hearing.

    3. An evidentiary hearing before the undersigned will be held on **NOVEMBER 7, 2011 at 2:00 P.M.** in Courtroom 6A. Plaintiff Marie Valcin's presence is required.

    **DONE AND ORDERED** at Fort Myers, Florida, this __24th__ day of October, 2011.

                                                  JOHN E. STEELE
                                                  United States District Judge

Copies:
Counsel of record